UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. |
| | : | |
| v. | : | (Judge) |
| | : | |
| LOGAN COMMUNICATIONS, LLC | : | **ELECTRONICALLY FILED** |

## P L E A   A G R E E M E N T

The following plea agreement is entered into by and between
the United States Attorney for the Middle District of
Pennsylvania and the above-captioned defendant.  Any reference to
the United States or to the Government in this Agreement shall
mean the office of the United States Attorney for the Middle
District of Pennsylvania.

The defendant and counsel for both parties agree that the
United States Sentencing Commission Guidelines which took effect
on November 1, 1987, as amended and interpreted by *United States
v. Booker*, 543 U.S. 220 (2005), will apply to the offenses to
which the defendant is pleading guilty.

1.  <u>Waiver of Indictment/Plea of Guilty</u>.  The defendant
agree to waive indictment by a grand jury and plead guilty to a
one count felony information which will be filed against the
defendants by the United States Attorney for the Middle District
of Pennsylvania.  That information will charge the defendants
with a violation of Title 18, United States Code, Section 1341,

7/25/07

Mail Fraud.  The maximum fine for the offense is $500,000 pursuant to Title 18, United States Code, Section 3571(c)(3), and a special assessment of $400 pursuant to Title 18, United States Code, Section 3013(a)(2)(B).  At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the information. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, or a pre-sentence hearing, or at a sentencing hearing.  In the event that the defendant subsequently successfully vacates or sets aside any plea, conviction or sentence imposed, pursuant to this plea agreement, the defendant further agrees to waive any defense to the filing of additional charges which could have been brought against the defendant at the time of this plea based upon laches, the assertion of any speedy trial rights, any applicable statute of limitations, or any other grounds.  In the event that the defendant subsequently successfully vacate or set aside any plea, conviction or sentence imposed pursuant to this plea agreement, the defendant further agree to waive any defense to the filing of additional charges

7/25/07

which could have been brought against the defendant at the time of this plea based upon laches, the assertion of any speedy trial rights, any applicable statute of limitations, or any other grounds.

2.   Maximum Sentence.   The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is fines totaling $500,000 and an assessment totaling $400.

3.   Fine.   The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.   The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement.   Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, *et seq.*

4.   Alternative Fine.   The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

3

7/25/07

5.  <u>Special Assessment</u>.  The defendant understands that the
Court will impose a special assessment of $400, pursuant to the
provisions of Title 18, United States Code, Section 3013. No
later than the date of sentencing, the defendant or defendant's
counsel shall mail a check in payment of the special assessment
directly to the Clerk, United States District Court Middle
District of Pennsylvania.  This check should be made payable to
"Clerk, United States District Court."  Counsel for the defendant
shall provide a copy of the special assessment check or a Clerk's
receipt to the United States Attorney's Office for the Middle
District of Pennsylvania at the time of sentencing certifying
compliance with this provision of the plea agreement. If the
defendant intentionally fails to make this payment, pays with an
insufficient funds check, or otherwise fails to comply with any
of the requirements of the United States Attorney's Office's
Financial Litigation Unit regarding the special assessment, it is
understood that this failure may be treated as a breach of this
plea agreement and may result in further prosecution or the
filing of additional criminal charges, or a contempt citation.

6.  <u>Financial Litigation Unit Investigation</u>.  The defendant
agrees, as a part of this agreement, to submit to interviews by
the United States Attorney's Office's Financial Litigation Unit
regarding the defendant's financial status. As part of this
process, the defendant, whether represented by counsel or not,

4                                   7/25/07

consents to contact by and communication with the Financial
Litigation Unit, and regarding representation by undersigned
counsel, the defendant and counsel consent to contact by and
communication with the Financial Litigation Unit and agree to
waive any prohibition against communication with a represented
party by the United States Attorney's Office regarding
defendant's financial status.   Pursuant to Title 18, United
States Code, Section 3664(d)(3), the defendant also agrees to
complete the required financial affidavit, fully describing the
defendant's financial resources within ten (10) days of the
guilty plea. The defendant will submit the original affidavit, on
forms prescribed by the probation office, to the U.S. Probation
Office with a copy to the United States Attorney's office.

     7.   <u>No Further Prosecution, Except Tax Charges</u>.   The United
States Attorney's Office for the Middle District of Pennsylvania
agrees that it will not bring any other criminal charges against
the defendant and current management and officers directly
arising out of the defendants' involvement in the offense
described above.   However, nothing in this agreement will limit
prosecution for criminal tax charges, if any, arising out of
those offenses.

     8.   At the time of sentencing, the United States will
recommend that (1) the defendants be placed on probation for a
term of 24 months, (2) the court impose the minimum fine within

7/25/07

the applicable guideline range, and (3) the court impose no
interest amount with respect to the fine.

9.  Specific Sentencing Guidelines Recommendations.  With
respect to the application of the United States Sentencing
Commission Sentencing Guidelines to the defendant's conduct, the
parties agree to recommend as follows:

> **(1) United States Sentencing Commission
> Guidelines Manual, incorporating guideline
> amendments effective November 1, 2006, will
> apply to the calculation of the sentencing
> guidelines in this case.**
>
> **(2) Under § 2B1.1 of the applicable manual, the
> amount of loss is $72,000.00.**
>
> **(3) Under § 8C2.3 and § 2B1.1 of the applicable
> manual, the offense level is 15.**
>
> **(4) Under § 8C2.4, of the applicable manual the
> base fine is $125,000.**

The defendant understands that none of these recommendations
is binding upon either the court or the United States Probation
Office, which may make different findings as to the application
of the United States Sentencing Commission Sentencing Guidelines
to the defendant's conduct.  The defendant further understands
that the United States will provide the Court and the United
States Probation Office all information in its possession which
it or the Court deems relevant to the application of the United
States Sentencing Commission Sentencing Guidelines to the
defendant's conduct.

7/25/07

10.   <u>Mandatory Restitution Act</u>.   The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case an the defendant will be required to make partial restitution payments.

11.   <u>Amount of Loss</u>.   The defendant agrees that $72,000 is the amount of the loss resulting from the defendant's actions. The defendant agrees to make full restitution in the amount of $72,000, in accordance with a schedule to be determined by the court.   The defendant further agrees that defendant is jointly and several liable with James O. Romines for this amount and reserves the right to assert any credits or off-sets against this amount for any amounts owed to the defendant by Shaner Hotel Group.

7/25/07

12. <u>Background Information for Probation Office</u>.  The
defendant also understands that the United States will provide to
the United States Probation Office all information in its
possession which the United States or the Court deems relevant
regarding the defendant's background, character, cooperation, if
any, and involvement in this or other offenses.

13.  <u>Objections to Pre-Sentence Report</u>.  The defendant
understands that pursuant to the United States District Court for
the Middle District of Pennsylvania "Policy for Guideline
Sentencing" both the United States and defendant must communicate
to the probation officer within fourteen (14) days after
disclosure of the pre-sentence report any objections they may
have as to material information, sentencing classifications,
sentencing guideline ranges and policy statements contained on or
omitted from the report.  The defendant agrees to meet with the
United States at least five (5) days prior to sentencing in a
good faith attempt to resolve any substantive differences.  If
any issues remain unresolved, they shall be communicated to the
probation officer for his inclusion on an addendum to the pre-
sentence report.  The defendant agrees that unresolved
substantive objections will be decided by the court after
briefing, or a pre-sentence hearing, or at the sentencing hearing
where the standard of proof will be a preponderance of the
evidence, and the Federal Rules of Evidence, other than with

7/25/07

respect to privileges, shall not apply under Fed. R. Evid.
1101(d)(3), and the court may consider any reliable evidence,
including hearsay.  Objections by the defendant to the pre-
sentence report or the Court's rulings, will not be grounds for
withdrawal of a plea of guilty.

14. <u>Victims' Rights</u>.  The defendant understands that
pursuant to the Victim and Witness Protection Act, the Justice
for All Act, and the regulations promulgated under those Acts by
the Attorney General of the United States, crime victims have the
following rights:

> (a) The right to be reasonably protected from
> the accused.
>
> (b) The right to reasonable, accurate, and
> timely notice of any public court proceeding
> or any parole proceeding, involving the crime
> or of any release or escape of the accused.
>
> (c) The right not to be excluded from any
> such public court proceeding, unless the
> court, after receiving clear and convincing
> evidence determines that testimony by the
> victim would be materially altered if the
> victim heard other testimony at that
> proceeding.
>
> (d) The right to be reasonably heard at any
> public proceeding in the district court
> involving release, plea, sentencing, or any
> parole proceeding.  The defendant understands
> that the victim's comments and
> recommendations at any of these proceedings
> may be different than those of the parties to
> this agreement.
> (e) The reasonable right to confer with the
> attorney for the Government in the case.  The
> defendant understands that the victim's
> opinions and recommendations given to the

attorney for the Government may be different
than those presented by the United States as
a consequence of this agreement.

(f) The right to full and timely restitution
as provided for by law.  The attorney for the
Government is required to "fully advocate the
rights of victims on the issue of restitution
unless such advocacy would unduly prolong or
complicate the sentencing proceeding," and
the Court is authorized to order restitution
by the defendant including, but not limited
to, restitution for property loss, economic
loss, personal injury, or death.

(g) The right to proceedings free from
unreasonable delay.

(h) The right to be treated with fairness and
with respect for the victim's dignity and
privacy.

15.  <u>Relevant Sentencing Information</u>.  At the sentencing,
the United States will be permitted to bring to the Court's
attention, and the Court will be permitted to consider, all
relevant information with respect to the defendant's background,
character and conduct including the conduct that is the subject
of the charges which the United States has agreed to dismiss, and
the nature and extent of the defendant's cooperation, if any.
The United States will be entitled to bring to the Court's
attention and the Court will be entitled to consider any failure
by the defendant to fulfill any obligation under this agreement.

16.  <u>Maximum Sentence</u>.  The defendant understands that the
Court is not a party to and is not bound by this agreement nor
any recommendations made by the parties.  Thus, the Court is free

7/25/07

to impose upon the defendant any sentence up to and including the maximum sentence of a fine of $500,000 and assessments totaling $400.

17. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this agreement.

18. <u>Transfer of Case to IRS</u>. The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

19. <u>Collection Action by IRS</u>. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement.

20. <u>Rule 6(e) Order for Transfer of Information to IRS</u>. The defendant agrees to interpose no objections to the entry of

7/25/07

an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of the defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney or the Criminal Investigation Division of the Internal Revenue Service.

21. <u>Cooperation with IRS</u>.  The defendant agrees to fully comply and cooperate with the Internal Revenue Service by filing all delinquent or amended tax returns by the date of the defendant's sentencing, and to timely file all future returns which may come due during the term of incarceration, probation or supervised release. The defendant also agrees to cooperate with the Internal Revenue Service by furnishing the Internal Revenue Service with all information pertaining to the defendant's assets and liabilities, as well as all documentation in support of tax returns filed by the defendant during the term of any sentence imposed pursuant to this guilty plea. The defendant further agrees to pay all taxes, interests and penalties due and owing to the United States and otherwise fully comply with the tax laws of the United States. The defendant understands, and agrees, that this requirement of full compliance with federal tax laws may be made a condition of any probation or supervised release imposed in this case.

22.  <u>Non-Limitation on Government's Response</u>.  Nothing in this agreement shall restrict or limit the nature or content of

the United States' motions or responses to any motions filed on
behalf of the defendant. Nor does this agreement in any way
restrict the government in responding to any request by the court
for briefing, argument or presentation of evidence regarding the
application of the Sentencing Guidelines to the defendant's
conduct, including but not limited to, requests for information
concerning possible sentencing departures. The government shall
respond to any request by the Court for briefing, argument, or
presentation of evidence regarding the application of the
Sentencing Guidelines to defendant's conduct, including but not
limited to, requests for information concerning possible
sentencing departures.

   23.  <u>Agreement Not Binding on Other Agencies</u>.  Nothing in
this agreement shall bind any other federal, state or local law
enforcement agency.

   24. <u>Violation of Law While Plea or Sentence Pending</u>.  The
defendant understands that it is a condition of this plea
agreement that the defendant refrain from any further violations
of state, local or federal law while awaiting plea and sentencing
under this agreement. The defendant acknowledges and agrees that
if the government receives information that the defendant has
committed new crimes while awaiting plea and /or sentencing in
this case, the government may petition the Court and, if the
Court finds by a preponderance of the evidence that the defendant

has committed any other criminal offense while awaiting plea or
sentencing, the Government shall be free at its sole election to
either: A) withdraw from this agreement, or B) make any
sentencing recommendations to the Court that it deems
appropriate. The defendant further understands and agrees that,
if the Court finds that the defendant has committed any other
offense while awaiting plea or sentencing,  the defendant will
not be permitted to withdraw any guilty pleas tendered pursuant
to this plea agreement, and the government will be permitted to
bring any additional charges which it may have against the
defendant.

    25.  <u>Plea Agreement Serves Ends of Justice</u>. The United
States is entering into this Plea Agreement with the defendant
because this disposition of the matter fairly and adequately
addresses the gravity of the series of offenses from which the
charges are drawn, as well as the defendant's role in such
offenses, thereby serving the ends of justice.

    26.  <u>Merger of All Prior Negotiations</u>.  This document states
the complete and only Plea Agreement between the United States
Attorney for the Middle District of Pennsylvania and the
defendant in this case, and is binding only on the parties to
this agreement, supersedes all prior understandings, if any,
whether written or oral, and cannot be modified other than in
writing that is signed by all parties or on the record in Court.

7/25/07

No other promises or inducements have been or will be made to the
defendant in connection with this case, nor have any predictions
or threats been made in connection with this plea. Pursuant to
Rule 11 of the Federal Rules of Criminal Procedure the defendant
certifies that the defendant's plea is knowing and voluntary, and
is not the result of force or threats or promises apart from
those promises set forth in this written plea agreement.

27.  <u>Waiver Allowing Admission of Plea Discussions and
Cooperation</u>.  In the event that the defendant does not plead
guilty, the plea is not accepted by the court, or the plea is
withdrawn, the defendant agrees that he hereby waives any
protection afforded by U.S.S.G. § 1B1.8(a), Federal Rule of
Criminal Procedure 11(f), and Federal Rule of Evidence 410, and
that any statements made by him as part of plea discussions or as
part of his cooperation with the government will be admissible
against him without limitation in any civil or criminal
proceeding.

28.  <u>Deadline for Acceptance of Plea Agreement</u>. The original
of this agreement must be signed by the defendant and defense
counsel and received by the United States Attorney's Office on or
before 5:00 p.m., June 20, 2008, otherwise the offer may, in the
sole discretion of the Government, be deemed withdrawn.

29. <u>Required Signatures</u>.  None of the terms of this
agreement shall be binding on the Office of the United States

Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

7/25/07

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

*Mark Long, Member. Manager and agent for*

_____
Date

LOGAN COMMUNICATIONS, LLC,
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

_____
Date

RONALD C. TRAVIS, ESQUIRE
Counsel for Defendant

7-24-08
_____
Date

United States Attorney

MCC:GJR:cak May 8, 2008/2007R00468

Post-Booker Plea Agreement 7/25/2007

17                                              7/25/07